**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER NEW,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:17-cv-66-Orl-31TBS**

**CITY OF ORMOND BEACH,**

      **Defendant.**

## ORDER

This matter comes before the Court, without a hearing, on the Motion to Dismiss (Doc. 9) filed by the Defendant, the City of Ormond Beach ("the City"), and the Response in Opposition (Doc. 12) filed by the Plaintiff, Christopher New.

**I.    Background**

According to the facts alleged in the Complaint (Doc. 1), which for the purposes of resolving this motion are taken as true, New began working for the City as a maintenance worker in November 2008. On November 11, 2014, the City fired New citing his nonperformance of job-related duties—a reason New claims is false. (*Id.* ¶¶ 14, 15.) New alleges he was able to perform his job adequately, but admits that it would take him longer to perform his job due to "issues with [his] weight." (*Id.* ¶ 19.) New further alleges that the City "was aware of issues with [his] weight" and that at one point a supervisor asked him to "pick up [his] pace at work." (*Id.* ¶¶ 17, 18.) New claims that he "was an individual who was disabled and/or perceived as being disabled" when he "was terminated from employment, due to issues with [his] weight." (*Id.* ¶ 16.) Thus, New concludes that he was terminated based on his "disability and/or perceived disability" in violation

of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and the Florida Civil Rights Act ("FCRA"), FLA. STAT. §§ 760.01–11. (Doc. 1 ¶¶ 20, 31.)

## II.     Motion to Dismiss

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not reach the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41, 47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly,* 550 U.S. at 555; *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discrimination in Violation of the ADA and FCRA

The ADA provides that "no [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). "In order to establish a prima facie case of discrimination under the ADA, [a plaintiff] must demonstrate that [he] (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [his] disability." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (quoting *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000)). Claims raised under the FCRA "are analyzed under the same framework as the ADA." *Id.* at 1263–64 (citing *Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1221 (11th Cir. 2000)).

As to the first element of an ADA or FCRA claim, a plaintiff is considered disabled if he has "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . ; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(2). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); *Cash*, 231 F.3d at 1305.

Here, New has failed to allege sufficient facts to establish that he is disabled. The only facts related to any alleged disability are that New had "issues with weight" (Doc. 1 ¶ 16); that the City "was aware of issues with [his] weight" (*Id.* ¶ 17); and that it would take New longer to

perform his job duties because of his weight (*Id.* ¶ 19). Thus, New's alleged, yet unnamed, disability stems from his amorphous "issues with weight."

Certainly, obesity can be a disability in certain circumstances. *Greenberg*, 498 F.3d at 1264; *see also Cordero v. Fla. Dep't Env't Prot.*, 200 Fed. App'x 679, 680 (11th Cir. 2008) (finding that the plaintiff failed to establish a prima facie case based on his *morbid obesity* when he failed to establish a causal link with his termination); *Coleman v. Ga. Power Co.*, 81 F. Supp. 2d 1365, 1369 (N.D. Ga. 2000) ("obesity, except in special cases where the obesity relates to a physiological disorder, is not 'physical impairment' within the meaning of the [ADA]"). But here, New has not alleged that he suffers from obesity—much less any other disability. New has also failed to allege any facts showing that he either had a record of a physical or mental impairment or that City regarded him as having any such impairment.

Therefore, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice. If Plaintiff wishes to file an amended complaint he must do so on or before April 19, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 5, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party